IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:03cr394-05

CHRISTOPHER M. BROWN

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 1602), the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER THE FIRST STEP ACT (ECF No. 1606), the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 1610), and the UNITED STATES [SUPPLEMENTAL] RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER THE FIRST STEP ACT (ECF No. 1630) which was filed pursuant to an ORDER entered on August 7, 2019 (ECF No. 1626). For the reasons set forth below, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUASNT TO THE FIRST STEP ACT OF 2018 (ECF No. 1602) will be denied.

## BACKGROUND

On August 3, 2004, a jury found Christopher M. Brown guilty of conspiracy to commit violations of the Racketeering Influenced and Corrupt Organization Act, in violation of 18 U.S.C. § 1962(d) and of conspiracy to distribute and possess with the intent to

distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 346. In November 2004, Brown was sentenced to serve a term of imprisonment of 324 months on each count of conviction, to be served concurrently. Following a remand from the United States Court of Appeals for the Fourth Circuit respecting sentencing, the district court once again sentenced Brown and, on that occasion imposed a sentence of 240 months on each count of conviction to be served concurrently. At sentencing, Brown was held responsible for 4.09 kilograms of cocaine base.

The offenses of conviction occurred between 1998 and 2003 and Brown was involved for the duration of the offense conduct. According to the Presentence Report, Brown was considered to be a street-level distributor of crack cocaine, but the record shows that he was a very effective distributor.

Before the Fair Sentencing Act, Brown faced a mandatory minimum term of imprisonment of 240 months with a guideline range of 360 months to life, the result of finding an offense level of 38 and a criminal history category of IV. After the Fair Sentencing Act, the offense level would be reduced from 38 to 34 and the guideline range would be reduced to 210 to 262 months, and the mandatory minimum sentence would be reduced to 120 months. Brown suggests that his sentence be reduced to time served (approximately 210 months).

2

## DISCUSSION

The threshold issue in this case is whether Brown is eligible for modification of sentence under Section 404 of the First Step Act. Brown argues that he is eligible for modification of sentence under Section 404 of the First Step Act because the Indictment alleged that he possessed with intent to distribute 50 grams or more of crack cocaine under the conspiracy. The United States argues that eligibility for modification of sentence under Section 404 of the First Step Act is determined by the quantity of controlled substance for which Brown was held accountable; and that because Brown was responsible for a quantity of crack cocaine that exceeds the drug quantity threshold in the Fair Sentencing Act, he is not eligible for sentence reduction. Neither argument is correct.

Under the plain text of the statute, the quantity of controlled substance is not determinative of eligibility for modification of sentence under Section 404 of the First Step Act. The Court finds, for the reasons set forth in United States v. Wirsing, ____ F.3d ____, No. 19-6381, 2019 WL 6139017 (4th Cir. 2019), United States v. Mabry, 2019 U.S. Dist. LEXIS 192435 (E.D. Va. Oct. 31, 2019), and United States v. Hardnett, ____ F. Supp.3d ____, No. 3:03cr12, 2019 WL 5445888 at *1 (E.D. Va. Oct. 24, 2019), Brown is eligible for modification of sentence under Section 404(b) of the First Step Act. That is because Brown, before August 3,

3

2010, violated a federal criminal statute, the statutory penalties for which were modified by Section 404 of the First Step Act. 2 or 3 of the Fair Sentencing Act of 2010.

Of course, whether to grant the request to modify the sentence is a matter that lies within the discretion of the Court. The exercise of that discretion is to be informed by all of the information in the record, the position of the parties, the appropriate sentencing statute, and the objectives of the sentencing statute, as well as Brown's post-conviction rehabilitation. And, the Court also may take into account, in determining whether to grant a modification and, if so, how much, the quantity of controlled substance attributable to Brown during the course of the offense conduct.

The exercise of that discretion begins with an analysis of the offense conduct in which Brown engaged. That analysis discloses an extremely serious offense spanning five years and involving very large quantities of illegal substances. Also, it is necessary to consider Brown's criminal history and, in this case, Brown's history is indeed serious. In sum, nothing in the offense conduct or Brown's criminal history counsels in favor of a modification of sentence.

Brown argues that the mitigating circumstances in this case justify the relief sought (ECF No. 1610, pp. 16-19). The cited mitigating evidence is: (1) a letter of support from Brown's

friend, Ms. Moyler; (2) a letter from Brown himself both of which represent that Brown has shown remorse for his offense; and (3) the fact that, while in prison, Brown has engaged in work that has taught him important lessons. In that respect, Brown has served as an inmate companion, assisting other inmates with terminal medical issues. And, Brown has completed his general educational requirements and several vocational and personal improvement courses and has received his GED. There is no indication that Brown incurred disciplinary problems while in prison and the record also shows that Brown has been suffering from kidney disease since 2011.

Brown's efforts to rehabilitate himself in prison and to prepare himself for re-entry into society are laudable. The letters from Brown and his friend disclose remorse. However, that evidence is not sufficient to overcome the seriousness of the offense conduct which was the lengthy (five years) and voluminous (4.09 kilograms of cocaine base) and Brown's serious criminal history, and that evidence does not augur in favor of the immediate release from incarceration which Brown seeks.

## CONCLUSION

Indeed, to protect society, to deter the defendant and others, and to promote respect for the law, it is appropriate that Brown serve the remainder of the sentence imposed by the district court at the resentencing, e.g. 240 months imprisonment, and that his

5

supervised release period remains unaltered. Accordingly, for the reasons stated above, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 1610) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 9, 2020